IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDRE D. TROTTER,

                Petitioner,                ORDER

v.

                                                12-cv-698-wmc

DEIRDRE A. MORGAN, Warden,
Oakhill Correctional Institution,

                Respondent.

---

Petitioner Andre D. Trotter is in custody of the Wisconsin Department of Corrections at the Oakhill Correctional Institution in Oregon. Trotter has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a 1996 state court conviction. He has paid the filing fee and this case is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Trotter indicates that he was convicted following a jury trial in Milwaukee County Circuit Court Case Number 96CF1447 on charges of possession with intent to deliver heroin (count one), possession with intent to deliver cocaine (count two), possession of a firearm by a felon (count three) and failure to pay taxes on a controlled substance (count four). On August 28, 1996, the circuit court imposed a sentence of 35 plus two years for a total term of 37 years' imprisonment. Trotter did not pursue a direct appeal from his conviction.

Court records show that Trotter filed a motion for post-conviction relief on October 26, 1998, which the circuit court denied on October 28, 1998.[1] Trotter filed another motion for post-conviction relief on July 22, 1999, which the circuit court denied on July 26, 1999. On August 16, 1999, Trotter filed petition for a writ of habeas corpus with the Wisconsin Court of Appeals, requesting a stay of any transfer to an out-of-state institution. The Wisconsin Court of Appeals denied that petition on September 1, 1999.

---

[1] These facts are drawn from the petition and a review of the state circuit and appellate court's electronic docket sheets, available at http://wscca.wicourts.gov.

At some point, Trotter filed a motion for post-conviction relief under Wis. Stat. 974.06, alleging that he was denied effective assistance of counsel and due process at his trial. The circuit court denied that motion on April 30, 2001. The Wisconsin Court of Appeals summarily affirmed the circuit court's decision on December 18, 2002. *See Trotter v. Judy Smith*, No. 01AP1412. Trotter did not appeal further.

On September 25, 2012, Trotter filed the pending federal habeas corpus petition under 28 U.S.C. § 2254 to challenge his 1996 conviction in Cause Number 96CF1447. Trotter contends that he is entitled to relief from that conviction for the following reasons: (1) his trial attorney did not conduct an adequate investigation or challenge the search warrant; (2) his trial attorney did not present unspecified mitigating evidence at sentencing; and (3) his conviction for failure to pay a tax on controlled substances is a federal offense that should not have been prosecuted in state court.

Trotter concedes that he did not exhaust his state court remedies as required by the federal habeas corpus statutes, explaining that he was "shipped out of state" for incarceration elsewhere and therefore "unable to litigate [his] case to the fullest." Trotter's failure to exhaust his state court remedies is not the only hurdle to federal habeas corpus review because he also admits that his petition is untimely.

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

When a prisoner challenges the validity of a state court judgment, the statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Trotter did not pursue a direct appeal, the conviction at issue became final shortly after he was sentenced on August 28, 1996. *See State v. Lagundoye*, 2004 WI 4, ¶ 20, 268 Wis. 2d 77, 94, 674 N.W.2d 526 ("A case is final if the prosecution is no longer pending, a judgment or conviction has been entered, the right to a state court appeal from a final judgment has been exhausted, and time for certiorari review in the United States Supreme Court has expired.") (citations omitted). Thus, it appears that Trotter's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) in late 1997. The pending form petition, which is dated September 21, 2012, is late by more than 15 years.

That form submitted filed by Trotter contains a section on the timeliness of his petition. (Dkt. # 1, *Petition* ¶ 18). In that section, Trotter acknowledges that he has delayed seeking federal habeas corpus relief. He appears to argue that his failure to file a timely petition should be excused and that the statute of limitations should be tolled for equitable reasons because he was incarcerated "out of state" without the "proper paper work or law books" to challenge his conviction. Trotter does not provide details in support of his argument, such as the date that he was transferred to an out-of-state facility, where the facility was located, and the date that he returned to the Wisconsin Department of Corrections.

An untimely petition may be saved if grounds exist to equitably toll the limitation period. A habeas corpus petitioner may be entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). For this reason, the Supreme Court has cautioned that before raising the statute of limitations on its own initiative, a court must grant the petitioner

3

fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 211 (2006). Trotter will be directed to supplement the pleadings and to show cause why his petition is not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

## ORDER

IT IS ORDERED THAT:

1. Petitioner Andre D. Trotter is directed to show cause, if any, by responding in writing not later than November 21, 2012 stating why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

2. Petitioner Andre D. Trotter is advised that, if he does not respond to this order as directed, then this case may be dismissed for lack of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 22nd day of October, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge